Military pay; discharge; res judicata; laches; limitation of actions. — On September 10, 1976 the court entered the following order:
Before CowEN, Chief Judge, Davis and BeNNEtt, Judges.
“We have before us, submitted without oral argument, defendant’s motion to dismiss plaintiff’s petition on grounds that: the court lacks jurisdiction over plaintiff’s claim; the claim is barred by the doctrine of res adjudicata; and the claim is barred by the statute of limitations, or, laches.
“Plaintiff has petitioned the court pro se; though the petition is extremely unclear, it appears that plaintiff feels wronged by the nature of his military discharge in September, 1941 and subsequent acts taken by the Department of the Army, the Social Security Administration, and the Veterans Administration. Plaintiff has alleged misconduct on the part of various Government officials in violation of the Constitution and federal statutes. We need not comment on the unsubstantiated nature of plaintiff’s allegations since the alleged misconduct sounds in tort, which is outside the court’s jurisdiction.
“Moreover, a nearly identical petition was filed by plaintiff in the United States District Court for the Northern District of California and was dismissed, on the merits, on Feb *299 ruary 19,1976. This dismissal is res adjudicaba on. the matters which plaintiff has raised in this court.
“To the extent plaintiff’s petition is susceptible of understanding, the events which, are said to give rise to his claim occurred more than 6 years ago; consequently, plaintiff’s claim is barred by the statute of limitations. Even without application of the statute of limitations, plaintiff has tarried for 35 years in filing suit in this court and is barred by the doctrine of laches.
“For the foregoing reasons, defendant’s motion to dismiss the petition is granted.”
On November 26, 1976 the court denied plaintiff’s motion to amend the dismissal of the case. On June 24,1977 the court denied plaintiff’s motion to reopen the case.